In the case at bar the deceased had up to the first day of December to mail that check. *Primeau* v. *National Life Association*, 77 Hun, 418; affd., 144 N. Y. 716.

If mailed the latter part of the day on December first, it could not have been received by the defendant in time to write the letter of December second, sending the notice of nonpayment and the alleged contract for reinstatement. Assuming, therefore, that the writer of that letter, acting for the defendant, was proceeding in entire good faith, he was also mistaken in supposing that he had a right to cancel a contract for the nonpayment of a premium legally made on the first of December, if not before, and, doubtless, if he supposed, from the delay in opening the letter in the home office of two or three days, that it had not been actually mailed prior to December first, still in sending such a letter as he did to the deceased he was mistaken in the law in exacting the requirement of a new warranty, and, therefore, did what he otherwise would not have done.

Judgment goes for the plaintiff for the amount due upon the policy, which, after deducting the amounts chargeable for certain liens provided for by the policy, is $1,850, with interest from August 23, 1894, with costs to the plaintiff.

Ordered accordingly.

---

ANNA C. ERICKSON, Respondent, *v.* THE BROOKLYN HEIGHTS RAILWAY COMPANY, Appellant.

(City Court of Brooklyn — General Term, March, 1895.)

Where a motorman whose attention is called to a passenger emerging from a car standing on the other track, and who has reason to expect that some person will pass around the rear of such car and upon his track, fails to bring his car under control, but drives it ahead and runs over such passenger, the question as to his negligence is one of fact for the jury, and their decision against the railroad company will not be disturbed.

Where an injury to a healthy woman in the prime of life results in amputation of a leg below the knee, the stump of which never completely

heals, an enlargement of one arm interfering with its use, impairment of hearing and great suffering and pain, a verdict for $23,000 is not excessive.

APPEAL from judgment in favor of the plaintiff, entered on a verdict, and from order denying a motion for a new trial.

*Morris & Whitehouse,* for appellant.

*Dailey, Bell & Crane,* for respondent.

VAN WYCK, J. It appears from the evidence in this case that the defendant has under its control numerous trolley lines engaged in conveying passengers through the streets of this city; that three of these, the Gates avenue, Fulton street and Third avenue lines, run over the same tracks on Fulton street at Bond street; that the gates to the platforms of the cars are opened for ingress or egress only on the right side of the car as it is going, which is nearest to the curb; that a passenger desirous of reaching the other, or left side of the street must leave the car on the right side and cross over behind his car; that plaintiff, having entered one of the cars of the Fulton street line on her way down town, thereafter alighted from the same when it arrived at the intersection of Fulton and Bond streets, on the right-hand side, and, with the object of reaching the left-hand side of the street, she passed on the cross-walk behind the rear end of her car, which, of course, to some extent obstructed her view down the up-town track until she was almost upon it; that while she was passing over this space a Gates avenue car was approaching the rear of her car, sounding an alarm bell to warn her to leave that track; that as she left that track she emerged from behind her car in close proximity to the other track, and, while doing this, she looked down the latter track, having a clear view of about sixty feet, and saw no car in sight, when she continued to cross, and had almost cleared the up track, when the Third avenue car came up rapidly and knocked her down, injuring her most seriously; that others were crossing at the same time and in the same manner, who accom-

plished the passage in safety; that a person on the front platform of the Third avenue car saw the Fulton street car standing still at Bond street, and this plaintiff in the act of emerging from her car, while the Third avenue car was a short block away from her, and called his motorman's attention to the dangers that women were subjected to under such circumstances; that the Third avenue car motorman saw this Fulton street car stop, and knew it was his duty to slacken his speed and get his car under complete control, for passengers alighting from the Fulton street car at this crosswalk were expected to pass in the rear of that car to cross his track; that, notwithstanding the motorman expected or thought it likely some one would pass around the rear end of the Fulton street car and upon his track, and notwithstanding his platform companion did see her so emerge when he was a short block away, and called this motorman's attention to her, this motorman drove his car right ahead, catching this woman just as she was about clear of his last rail, and knocking her down and running over her leg, when this same platform companion said : "I told you she would get hurt." These facts and circumstances certainly raised a question of fact as to the alleged negligence of this motorman, which was properly submitted to the jury, and by them, in our opinion, correctly decided. The question of contributory negligence was correctly disposed of in the same way.

The rule laid down in *Fenton* v. *Second Avenue R. R. Co.*, 126 N. Y. 625, and *Dorman* v. *Broadway R. Co.*, 117 id. 655, does not help the defendant in the motion for a nonsuit, for, in those cases, the plaintiff and the driver of the horse car both knew that the plaintiff could cross the car track in safety, and had a right to so assume until it was negatived by the plaintiff's unexpectedly falling down when it was too late to prevent a collision.

The exception to the refusal of the court to charge that if " the plaintiff emerged from the rear of the Fulton street car when the front of the Third avenue car was within fifteen feet of her, the defendant cannot be held liable

because the motorman did not stop the car before the plaintiff was injured," is not well taken, for he virtually says he had reason to expect someone would emerge from behind that car when it stopped, and that it was his duty to reduce the car to complete control to avoid injuring such person; that he saw it stop when he was thirty feet away and at once he slowed up, and his platform companion said he saw her at the rear of the Fulton street car, about to start across the street when his car was a short block away, and called the motorman's attention to her danger, and the testimony further shows that the car, at its then speed, could be stopped within five feet.

The exception at folio 283 is not well taken, for it would have excluded from the consideration of the jury the circumstances that the motorman knew that passengers were expected to emerge from behind the car stopping to let them off at street crossings, and that it was his duty to slow down to give them a chance to cross over in front of him, and that, in this case, he did slow down for such purpose, but neglected to do so sufficiently to save her.

We do not think the other exceptions require any special notice, and this leaves for our consideration the contention of defendant that the damages, assessed at the sum of $23,000, are so excessive that the jury must have been unduly influenced by prejudice or sympathy. Before the accident, the plaintiff was a healthy and robust married woman in the prime of life; now she has but one leg, one of them having been amputated below the knee, the stump of which has never been completely healed and is easily inflamed; her arm has an enlargement which interferes with its ready and full use; her hearing has been impaired, and she endured great suffering and pain. The contrast of her prior with her present condition certainly discloses a great and sad change, for which we do not think the sum awarded does more than compensate her; therefore, the verdict herein cannot be disturbed on such ground.

The judgment and order must be affirmed, with costs.

OSBORNE, J., concurs.

Judgment and order affirmed, with costs.